IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIC COUGHRAN                                                                                          PLAINTIFF

      v.                         Civil No.  5:14-cv-05371

SHERIFF TIM HELDER, Washington
County, Arkansas; and SOUTHERN
HEALTH PARTNERS, INC.                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is incarcerated in the Washington County Detention Center (WCDC).  He maintains the Defendants have violated his constitutional rights by denying him adequate medical care.

The case is before me on a Motion to Dismiss (Doc. 6) filed by Separate Defendant Southern Health Partners (SHP).  Separate Defendant Sheriff Helder has also filed a Motion to Dismiss (Doc. 8).  Plaintiff has not responded to the Motions.  The Motions are before me for preparation of this report and recommendation.

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff is incarcerated in the WCDC due to a parole violation.  On November 9, 2014, Deputy A. Garcia broke up an altercation between inmates.  Plaintiff had an "inmate mounted on top" of him.

Plaintiff informed Sergeant Boaz that his lower back had been injured. Despite this, Plaintiff alleges the WCDC personnel failed to follow procedures and did not allow him to speak with a nurse.

Plaintiff alleges the kiosk system used to submit medical requests and grievances was not working and it took until November 13, 2014, for it to be reprogrammed so that Plaintiff could submit a grievance regarding his need for medical care.

Plaintiff did not receive a response from the medical staff until November 18, 2014, when he states he was told they could do nothing for him. Plaintiff was advised to buy pain relievers from the commissary. However, Plaintiff states he is indigent and had no money on his account to purchase commissary items.

As relief, Plaintiff seeks compensatory damages in the amount of $100,000. He also asks that the medical staff be reprimanded.

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the

AO72A
(Rev. 8/82)

"defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

### III.  DISCUSSION

As noted above, each Defendant has filed a Motion to Dismiss.  I will address the Motions in turn.

**A.  SHP's Motion to Dismiss** (Doc. 6)

As an institutional Defendant, SHP argues it can only be held liable if an official institutional policy or custom reflected deliberate indifference to Plaintiff's serious medical needs.  As Plaintiff has not alleged the existence of a policy or custom that was the moving force behind the alleged denial of medical care, SHP maintains it is entitled to dismissal of the Complaint.

"Generally, a government entity is not liable for its employee's actions under § 1983." Keefe v. City of Minneapolis, 758 F.3d 1216, 1227 (8th Cir. 2015).  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).   In other words, the official capacity claims are treated as claims against Washington County.  See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Turner v. Mulll, 784 F.3d 485, 490 (8th Cir. 2015)(internal quotation marks and citation omitted).

The applicable law has been summarized as follows:

(Rev. 8/82)

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable"). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009)(citation omitted).

In Johnson v. Douglas County Medical Dept., 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and,

3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

Id., 725 F.3d at 828 (citations omitted).

When a corporation acts under color of state law, the proper test for determining official capacity liability is whether a policy, custom, or action by those whose actions may be said to represent official policy inflicted the constitutional injury. Burke v. N.D. Dep't of Corr. &

Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002). Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." Jenkins v. County of Hennepin, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging that procedures were not followed is insufficient. Id.  Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority in such matters." Id.

As noted above, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Id. at 634 (internal quotation marks and citation omitted).  Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.  SHP's Motion to Dismiss (Doc. 6) should be granted.

### B. Sheriff Helder's Motion to Dismiss (Doc. 8)

Sheriff Helder notes that he has been sued in his personal capacity.  He argues that he had no personal involvement in Plaintiff's request for medical care and is entitled to dismissal and/or qualified immunity.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  See Monell v. Department of Social Services, 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  White v. Holmes,  21 F.3d 277, 280 (8th Cir. 1994); see also Whitson v. Stone County Jail, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations

omitted); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that Sheriff Helder was involved in anyway with the decision of whether the Plaintiff should receive medical treatment for his back. Plaintiff has not alleged that he communicated in anyway with Sheriff Helder regarding his grievance or complaint about the lack of medical care. No plausible individual capacity claim has been stated against Sheriff Helder. This finding makes it unnecessary to determine if Sheriff Helder would be protected by qualified immunity. Sheriff Helder's Motion to Dismiss (Doc. 8) should be granted.

### IV. CONCLUSION

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 6) filed by SHP be granted, and the Motion to Dismiss (Doc. 8) filed by Sheriff Helder be granted, and this case dismissed in its entirety. The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g) and the Clerk should be directed to put a strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

AO72A
(Rev. 8/82)

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)